# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR419-124 |
| | ) | |
| ORONDA OBERRY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Oronda Oberry is charged with one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §841(a)(1). He filed a Motion to Suppress Custodial Statements. Doc. 46. On November 20, 2019, the Court held a hearing on defendant's motion. For the following reasons, the motion should be **GRANTED**.

## BACKGROUND

According to the Government, on March 7, 2019, the Savannah Police Department Violent Crimes Task Force observed defendant in the driver's seat of a 2019 Jeep Cherokee improperly wearing a seatbelt and failing to use a turn signal before making a turn. Doc. 60 at 2. Officers were

1

attempting to stop the vehicle when the car pulled into a gas station. *Id.* Officers made contact with defendant and the other occupant of the vehicle after they exited the car. *Id.* During this contact, defendant admitted that there were drugs in the car. *Id.* Because car doors were open, officers were able to view clear baggies containing various colored pills.[1] *Id.* at 3. Officers later recovered 3,400 methamphetamine pills weighing approximately 840 grams. *Id.* Defendant was placed under arrest. *Id.* After being placed under arrest he also agreed to be interviewed. *Id.*

DEA Task Force Officer Otilio Rivera interviewed defendant for 9 minutes and 6 seconds on March 7th. *Id.* After receiving identifying information, he read defendant his rights. According to the Government, and the audio recording provided by the parties, the following exchange occurred.

> Rivera:   You have the right to remain silent. Anything you say can and will be used against you in a court of law. You know you have the right to talk with a lawyer and have a lawyer present with you while you are being questioned. If you cannot afford to hire a lawyer, you have the right to have a lawyer appointed to you or represent you before being questioned. You can decide at any time to exercise these rights and not talk to us. Do you understand these

---

[1] Defendant does not challenge the admissibility of either this statement or the observations.

|  |  |
|---|---|
|  | rights as I have relayed them to you?  I need you to say yes or no. |
| Defendant: | Read it again . . . the last part. |
| Rivera: | Um, you can decide at any time to exercise these rights and not talk to us. |
| Defendant: | No, before that. |
| Rivera: | If you cannot afford to hire a lawyer, you have the right to have a lawyer appointed to you before you are being questioned. |
| Defendant: | Inaudible. |
| Rivera: | So, you know you have the right to remain silent which basically means you can be quiet. Um, anything you say can and will be used against you in a court of law.  So basically anything you say can be used in court.  You have the right to talk with a lawyer and have a lawyer present with you while you are being questioned.  Alright, if you cannot afford one, one will be appointed to you.  So, if cannot afford one, the court will appoint one for you. Um, and you can decide at any time to exercise your rights and not talk to us. So the next . . . the waiver of rights is do you understand these |

|  |  |
|---|---|
|  | rights as I have explained them to you? I need you to say yes or no. |
| Defendant: | Yes. |
| Rivera: | Because I don't have on video that's why. Um, having these rights in mind do you want to talk to us now? Yes or no? |
| Defendant: | I'm not sure what this is about. **But I do want a lawyer, a court appointed lawyer**. |
| Rivera: | Do you want him present here or after? |
| Defendant: | Let me see how this go. |
| Rivera: | Ok, so, yes, with having these rights in mind, are you willing to talk with us now? |
| Defendant: | Let me see how this go. |
| Rivera: | I need you to say yes or no. |
| Defendant: | Yeah. |

*Id.* at 3-4 (emphasis added).

Defendant argues that he unambiguously requested counsel and that Officer Rivera was not entitled to continue his questioning. Doc. 46 at 1. The Government argues that this communication was not an "unambiguous

invocation of counsel," and thus, there was no error in defendant's continued interview.  Doc. 60.

## ANALYSIS

I.  **Motion to Suppress**

Whether defendant's initial statement is "ambiguous" is dependent on the factual circumstances.  For example, in 1984, the Supreme Court stated that where a defendant said "Uh, yeah, I'd like to do that" in response to the statement "You have a right to consult with a lawyer and to have a lawyer present with you when you're being questioned. Do you understand that?" the statement was sufficiently unambiguous that any subsequent clarification was used only to bolster an argument that the initial statement was ambiguous.  *Smith v. Illinois*, 469 U.S. 91, 93 (1984).  A decade later, however, the Court stated that ambiguous or equivocal references to an attorney did not require the cessation of questioning but allowed officers to clarify the extent of the request (although authorizing such clarification was not a per se rule).  *Davis v. United States*. 512 U.S. 452 (1994).  Notably, however, it is only *ambiguous* or *equivocal* statements that grant law enforcement officers this right.  *Id*.  This determination, in turn, is dependent on context and statements should be "understood as ordinary people would understand them."  *Connecticut v. Barrett*, 479 U.S. 523, 529 (1987); *see also*

*Sessoms v. Grounds*, 776 F.3d 615, 629 (9th Cir. 2015) ("Context and circumstances matter. Under *Davis* and *Smith*, [courts are] bound to analyze whether a reasonable officer viewing the situation in light of all of the circumstances leading up to the statements would have understood Sessoms's statements to be a request for counsel."). Regardless, it is the Government's obligation to show that the statements were made voluntarily. *J.D.B. v. North Carolina*, 564 U.S. 261 (2012).

Turning first to defendant's statement, "I want a lawyer, a court appointed lawyer," the Court finds that—on its face—it is not ambiguous or equivocal. Other courts have held similar statements to be unequivocal. *See United States v. Hunter*, 708 F.3d 938, 948 (7th Cir. 2013) (holding that "[c]an you call my attorney?" was unequivocal request for counsel); *Sessoms v. Grounds*, 776 F.3d at 627 ("give me a lawyer" sufficient to invoke the right). Moreover, courts in *this circuit* have also determined that similar statements are unequivocal. *See e.g.*, *Cannady v. Dugger*, 931 F.2d 752, 755 (11th Cir. 1991) (defendant unequivocally invoked right to counsel when saying "I think I should call my lawyer").

Moreover, the context of the interrogation did not make the invocation unambiguous. The Government argued at the hearing that the conversation between Officer River and defendant regarding his rights and the potential

6

waiver was confusing particularly as defendant repeatedly asked for clarification. The Government argued that, given this context—as well as the fact that defendant had already agreed to voluntarily speak with law enforcement—Officer Rivera was entitled to continue questioning defendant to determine whether his invocation was "unambiguous." Tellingly, however, the Government argues that defendant's invocation was ambiguous because his response to the question "Do you want [an attorney] present here or after?" was "equivocal."

While the initial conversation regarding defendant's rights was not as clear as one might prefer,[2] what was *not* equivocal or ambiguous was defendant's statement, "I want a lawyer, a court appointed lawyer," given in response to the Government's inquiry "having these rights in mind, do you want to talk to us now?" *See, e.g.*, *Cannady*, 931 F.2d at 755 (defendant unequivocally invoked right to counsel when saying "I think I should call my lawyer"). Likewise, defendant's statement was not qualified in any fashion which would lead an officer to believe that he may not be invoking the right to counsel. *See e.g., United States v. Propst*, 369 F. App'x 42, 46 (11th Cir. 2010) (finding invocation qualified when defendant asked for counsel or to

---

[2] *I.e.*, "I am now invoking my rights under the Fifth and Sixth Amendments of the U.S. Constitution to have an attorney present during a custodial interrogation and to remain silent."

7

"have some papers saying something"); *United States v. Ochoa*, 941 F.3d 1074, 1099 (11th Cir. 2019) (statement that defendant did not agree with statement that he was willing to answer questions without a lawyer present not unambiguous or unequivocal); *but see Berghuis v. Thompkins*, 560 U.S. 370, 382 (2010) ("[The Defendant] did not say that he wanted to remain silent or that he did not want to talk with the police. Had he made either of these simple, unambiguous statements, he would have invoked his right to cut off questioning. Here he did neither, so he did not invoke his right to remain silent.") (citations and quotations omitted). Likewise, defendant's prior agreement to speak with law enforcement does not preclude him from changing his mind—a fact which is made clear by Officer Rivera when he told defendant he was able to invoke his rights "at any time." Thus, there was no justification for Officer Rivera to continue questioning defendant about his invocation.

Finally, the Court cannot credit the argument that defendant's *subsequent* statements made the invocation equivocal. The Government has not cited—and the Court has likewise been unable to locate—case law which indicates that the Government may rely on questioning *after* an unequivocal invocation of counsel to make that invocation of counsel equivocal. It is the invocation that must be equivocal, not any subsequent statements elicited by

law enforcement. *See Smith*, 469 U.S. at 99 ("No authority, and no logic, permits the interrogator to proceed . . . on his own terms and as if the defendant had requested nothing, in the hope that the defendant might be induced to say something casting *retrospective* doubt on his initial statement that he wished to speak through an attorney or not at all.") (alteration added, citations omitted). Considering these circumstances, the filings, and the evidence presented at the suppression hearing, the Court concludes that defendant's motion should be **GRANTED** and any statements made to officers after this invocation and before counsel was procured for defendant should be **SUPPRESSED.** Doc. 46.

## CONCLUSION

For the foregoing reasons, defendant's motions should be **GRANTED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to

file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 10th day of December, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA