FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2020 JAN 23 PM 2: 13
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO. CR419-124 |
| | ) | |
| ORONDA OBERRY, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 64), to which no objections have been filed. After careful de novo review of the record in this case, the report and recommendation is **ADOPTED** as the Court's opinion. Accordingly, Defendant Oberry's Motion to Suppress Custodial Statements (Doc. 46) is **GRANTED**.

In his motion, Defendant Oberry argues that the statements he made to Drug Enforcement Agency Task Force Officer Otilio Rivera on March 7, 2019 should be suppressed because Officer Rivera continued questioning Defendant Oberry after he invoked his right to counsel. (Doc. 46 at 1.) Specifically, Defendant Oberry claims that he invoked his right to counsel when he stated, "I do want a lawyer, a court appointed lawyer" in response to Officer Rivera explaining Defendant Oberry's rights and asking, "[D]o you want to talk to us now?" (Id.) The Government argues that Defendant Oberry's statement was not an "unambiguous invocation of counsel,"

and, therefore, there was no error in Officer Rivera's continued questioning. (Doc. 60.)

The Court agrees with Magistrate Judge Ray's finding that Defendant Oberry's custodial statements to Officer Rivera on March 7 should be suppressed. Particularly, the Court agrees with Magistrate Judge Ray's conclusion that Defendant Oberry's statement, "I want a lawyer, a court appointed lawyer" is not an ambiguous or equivocal invocation. (Doc. 64 at 6.) Additionally, the Court agrees with Magistrate Judge Ray's determination that the context of the interrogation did not make the invocation ambiguous. (Id.) As noted by Magistrate Judge Ray, "While the initial conversation regarding [D]efendant's rights was not as clear as one might prefer, what was *not* equivocal or ambiguous was [D]efendant's statement, 'I want a lawyer, a court appointed lawyer.' " (Id. at 7 (emphasis in original).) As a result, any statements made by Defendant Oberry after his unambiguous invocation and before counsel was procured for Defendant Oberry should be suppressed.

SO ORDERED this 23RD day of January 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2